UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVELYN SANCHEZ,

                Plaintiff,

          - against -

PATHMARK STORES, INC.,

                Defendant.

OPINION AND ORDER

04 Civ. 1159 (GBD) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

     On January 6, 2004, plaintiff Evelyn Sanchez commenced this action in negligence to recover damages for personal injuries she alleges were sustained on May 16, 2003, at a Pathmark store in the Bronx. (Diamond Aff. ¶ 4.) The case was removed to this Court from Bronx County Supreme Court on February 12, 2004. (Docket No. 1.) On August 2, 2007, Sanchez served non-party Marilyn O'Brien with a subpoena ad testificandum to appear for a deposition. (Diamond Aff. ¶ 6.) Sanchez contends that O'Brien was an eyewitness to the accident, and has material information necessary to her case. (Diamond Aff. ¶ 10.) Defendant Pathmark Stores, Inc. also seeks O'Brien's testimony, arguing that it is vital for its defense against Sanchez's claims in this case. (*Id.*)

     The deposition was scheduled for September 14, 2007, at 10:00 a.m., but O'Brien failed to appear, and Sanchez adjourned the deposition to December 7, 2007. (Diamond Aff. ¶ 7.) O'Brien again failed to appear. (*Id.*) On March 27, 2008, Sanchez's attorney, Andrew Diamond, wrote to O'Brien, advising her that if he did not hear from her by April 7, 2008, he would move the Court for an order compelling her to appear for deposition, or face punishment for contempt. (Diamond Aff. ¶11, Ex. 5.)

On June 9, 2008, Sanchez moved the Court for an order pursuant to Federal Rule of Civil Procedure 45(e) holding O'Brien in contempt for failure to comply with the subpoena, and ordering her to appear for deposition on a date certain. (Docket No. 10.) By order dated June 12, 2008, the motion for contempt was referred to the undersigned.

The record indicates that, despite being properly served with a subpoena (Diamond Aff. ¶ 6), O'Brien failed to appear for deposition on the date and time specified. (Diamond Aff. ¶ 7.) O'Brien has not responded to this motion for an order of contempt, nor has she offered any explanation or excuse for her failure to appear.

Rule 45(e) of the Federal Rules of Civil Procedure provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." "Before imposing sanctions on a person charged with civil contempt, due process requires that the person receive notice and an opportunity to be heard." *Sterling Nat'l. Bank v. A-1 Hotels Intern., Inc.*, No. 00 Civ. 7352 (GEL), 2004 WL 1418201, at *2 (S.D.N.Y. June 23, 2004) (citing *Shoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926, 934-35 (2d Cir. 1992), *overruled in part on other grounds*, *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343 (2d Cir. 2000)). Sanchez's motion gave O'Brien notice and an opportunity to be heard, and she failed to avail herself of these rights. Thus, the Court has the power to issue an order of contempt under Rule 45(e). *Id.*, (citing *Diamond v. Simon*, No. 89 Civ. 7061 (PKL), 1994 WL 10622, at *1 (S.D.N.Y. Jan. 10, 1994).

"An order of contempt leading to the imposition of sanctions is a drastic remedy." *Id.* at *3. "[W]hile 'the Court has the power under Rule 45(e) to impose contempt simply upon the basis of [O'Brien's] failure to comply' with the subpoena issued by [Sanchez] commanding her

2

appearance for deposition, 'the Court will instead permit her a final opportunity to avoid being held in contempt of court.'" *Id.*, (citing *Diamond*, 1994 WL 10622, at *1).

For O'Brien to avoid an order of contempt, she should comply with Sanchez's subpoena, and appear for deposition. If the Court is notified that O'Brien has appeared for deposition by March 3, 2009, no order of contempt will be issued. If O'Brien continues to defy the subpoena, she is directed to appear and show cause why her failure to appear for a deposition does not constitute a contempt of court.

**IT IS THEREFORE ORDERED THAT:**

(1) Marilyn O'Brien **SHALL** appear before the Court on **March 3, 2009, at 10:30 a.m.** to show cause why she should not be held in contempt, unless before that time she appears for a deposition pursuant to the subpoena served upon her by Sanchez.

(2) Sanchez is hereby directed to serve a copy of this opinion and order on Marilyn O'Brien.

**SO ORDERED this 17th day of February 2009
New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

3