```
                                                            USDC SDNY
                                                            DOCUMENT
                                                            ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                               DATE FILED: MARCH 8, 2010
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVELYN SANCHEZ,

                Plaintiff,

    - against -

PATHMARK STORES, INC.,

                Defendant.

REPORT AND RECOMMENDATION

04 Civ. 1159 (GBD) (RLE)

**To the HONORABLE GEORGE B. DANIELS, U.S.D.J.:**

## I. INTRODUCTION

Defendant Pathmark Stores, Inc. has filed a motion for summary judgment to dismiss Plaintiff Evelyn Sanchez's personal injury claim pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. For the reasons that follow, I recommend that the motion be **DENIED**.

## II. BACKGROUND

Evelyn Sanchez initiated this action in Bronx County Supreme Court on January 6, 2004. Sanchez alleged personal injury resulting from a slip and fall on a liquid detergent/fabric softener spill in one of Pathmark Stores, Inc.'s stores on May 16, 2003, in Bronx County, New York. (Def.'s Mot. for Summ. J. ("Def.'s Mot."), Doc. No. 26, at 2, June 16, 2009.) The following material facts, set forth in Pathmark's and Sanchez's Rule 56.1 Statements, are not in dispute. (Def.'s Local Civil Rule 56.1 Statement ("Def.'s 56.1"), Doc. No. 26, June 16, 2009; Pl.'s Local Civil Rule 56.1 Statement ("Pl.'s 56.1"), Doc. No. 29, July 17, 2009.) The spill was caused by a another customer, Marilyn O'Brien, near the front of the store (Pl.'s 56.1 at 2; Def.'s 56.1 at 2). Pathmark had notice of the spill because O'Brien reported it to a cashier at the register. (*Id.*) An employee, Willie Suggs, had placed a caution sign (Pl.'s 56.1 at 2) over the detergent "within a

minute or longer" after the liquid spilled (Def.'s 56.1 at 2 ¶ 14)[1], and then left for less than five minutes to fetch a mop and bucket (*Id.* at 3; Pl.'s 56.1 at 3). Sanchez fell after Suggs departed, and Suggs returned to the spill with the mop "less than one minute" after the accident. (Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n"), Ex. G (Marilyn O'Brien Deposition) at 4, July 17, 2009.)

Sanchez removed the action from Bronx County Supreme Court on February 12, 2004. Discovery concluded on February 24, 2009, after a final witness, O'Brien, was deposed under threat of contempt of court. (Doc. No. 14.) On June 16, 2009, Pathmark filed the instant motion for summary judgment[2] claiming that no issue of material fact exists and that the time between the spill and the fall was not a reasonable amount of time for Pathmark to remove the hazard. (Def.'s Mot. at 2.) Sanchez filed an opposition to Pathmark's motion on July 17, 2009, asserting that the reasonableness of Pathmark's effort to clean the spill is a disputed issue of fact. (Pl.'s Opp'n at 4.) Pathmark filed a reply affirmation on July 27, 2009, reiterating that the sole cause of the accident was Sanchez's inattention. (Def.'s Reply Aff. to Pl.'s Mem. in Opp'n ("Def.'s Reply"), Doc. No. 30, at 3, July 27, 2009.)

## III. DISCUSSION

Where a litigant moves for summary judgment "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The

---

[1] Pathmark's 56.1 statement states that the yellow caution sign was described by O'Brien as being "approximately ½ foot high." (Def.'s 56.1 ¶ 15.) However, in Exhibit G of Pathmark's motion, the deposition of O'Brien, the sign is described as being a foot-and-a-half in height. (Def.'s Mot., Ex. G, at 10). The stated height in Pathmark's 56.1 statement appears to be an error. Sanchez did not address the height of the sign.

[2] Defendant has also filed a motion to dismiss under FED. R. CIV. P. 12. (Doc. No. 26). The Court has not addressed the motion to dismiss because Pathmark's memorandum failed to state any basis for a 12(b)(6) motion.

2

movant must meet an initial burden of showing the absence of a genuine issue of material fact, whereupon the burden shifts to the nonmoving party to bring forth specific facts to show that there is a factual question that must be resolved at trial. FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 324. To show such a "genuine dispute," the opposing party must come forward with enough evidence to allow a reasonable jury to return a verdict in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 256 (1986); *Cinema North Corp. v. Plaza at Latham Assoc.*, 867 F.2d 135, 138 (2d Cir. 1989). If "the party opposing summary judgment propounds a reasonable conflicting interpretation of a material disputed fact," then summary judgment must be denied. *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 9-10 (2d Cir. 1983) (citing *New York State Energy Research & Dev. Auth. v. Nuclear Fuel Servs., Inc.*, 666 F.2d 787, 790 (2d Cir. 1981)). In considering whether any genuine issues of material fact exist, a court must draw all reasonable inferences against the moving party. *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 36-37 (2d Cir. 1994). In a diversity case, the substantive law of the forum state governs. *Omega Engineering, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005).

Under New York law, a plaintiff claiming a personal injury as a result of a slip and fall must make a prima facie showing that "defendants either created a dangerous condition, or had actual or constructive knowledge of the condition." *Lemonda v. Sutton*, 702 N.Y.S.2d 275, 276 (N.Y. App. Div. 2000) (citations omitted). Actual notice requires proof that "defendants were, in fact, aware of the dangerous condition." A report to the defendant about the defect constitutes adequate knowledge of a defect's existence. *Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 332 (E.D.N.Y. 1998). "To constitute constructive notice, a defect . . . must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Gordon v. The American Museum of Natural History*, 67 N.Y.2d 836, 837 (N.Y. 1986).

A defendant's lack of an opportunity to discover and remedy a defect may result in a grant

3

of summary judgment where the defendant cannot exercise reasonable care within the time frame of the events. *See, e.g., Post v. Valley Cent. School Dist.*, 180 A.D.2d 954, 955 (N.Y. App. Div. 1992)("10-minute period of time [to permit discovery and remedy of a spill] is insufficient to charge defendant with constructive notice."); *Mullins v. Town of Clarkson*, 183 A.D.2d 1073, 1075 (N.Y. App. Div. 1992) (not unreasonable "that a salting truck did not arrive at the [accident] scene within those few minutes" after actual notice); *Madrid v. City of New York*, 42 N.Y.2d 1039 (N.Y. 1977). In addition, where actual notice has been established, a defendant may not be liable if the condition immediately preceded actual notice such that the two effectively occurred simultaneously. *See, e.g., Williams v. Hannaford Bros. Co.*, 274 A.D. 2d 649, 650-51 (N.Y. App. Div. 2000). Further, courts have granted summary judgment where the defendant had claimed that it lacked a reasonable opportunity to remedy the dangerous condition, and the plaintiff asserted no facts from which to draw an inference to rebut the defendant's claim. *See, e.g., Gonzalez v. K-Mart Corp.*, 585 F. Supp. 2d 501, 504 (S.D.N.Y. 2008); *Mercer v. City of New York*, 88 N.Y.2d 955 (N.Y. 1996).

In this case, there is no dispute that another customer caused the spill (Pl.'s Opp'n at 3), and that Pathmark had notice of the spill. The spill was reported to a cashier and an employee of Pathmark placed a sign over it. *Id.* The Parties agree on the sequence of events triggered by the spill, including that approximately five minutes elapsed between the spill and Sanchez's fall. (Pl.'s Opp'n at 4.)

Sanchez argues that Pathmark's procedures to alert customers to the spill, i.e., the public-address announcement and the sign, and the time elapsed before the moping commenced were inadequate. (Pl.'s Affirmation ¶¶ 14-15.) She contends that Pathmark's acts amounted to negligence and caused her injury. Pathmark contends that it exercised reasonable care by attempting to remedy the situation in the five minutes between the spill and the fall, and thus, as a

4

matter of law it cannot be liable because there was no reasonable opportunity to remedy the spill. In support of this contention, Pathmark cites *Gordan v. American Museum of Natural History* for the proposition that a defendant is permitted a reasonable amount of time to remedy a defect. (Def.'s Mot. at 3.) However, in *Gordan* the plaintiff had failed to establish constructive notice, and there was no evidence that indicated how long the alleged danger had been in place, or whether the defendant had had an opportunity to become aware of it. 67 N.Y.2d at 837-38. Here, in contrast, there is actual notice and sufficient evidence about how long the spill was in place.

In a case of actual notice, elapsed time is only one element in determining whether a defendant acted reasonably. The nature of the danger could require immediate attention such that any delay would be unreasonable. The interim precautions would also play a role. In some instances, it might be adequate to put up a sign; in others, it might be necessary to prevent anyone from traversing the potentially dangerous area. Moreover, reasonableness may be a function of the resources that are available to the defendant to remedy or lessen the hazard, or to warn or shield individuals of the hazard. While only one minute may have elapsed before Pathmark placed the yellow caution sign over the spill, a jury could find that this was not adequate warning or that cleaning should have been more expeditious. Drawing all reasonable inferences against Pathmark, Sanchez has established a prima facie negligence claim, and raised a reasonable conflicting interpretation about Pathmark's liability and the adequacy of its remedial efforts from which a trier of fact could return a verdict in her favor.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Defendant Pathmark Stores, Inc.'s Motion for Summary Judgment be **DENIED.**

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14)

days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 630, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: March 8, 2010**
**New York, New York**

                                  **Respectfully Submitted,**

                                  */s/ Ronald L. Ellis*

                                  **The Honorable Ronald L. Ellis**
                                  **United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

| Attorney for Plaintiff | Attorney for Defendant |
|---|---|
| Andrew R. Diamond, Esq. | Joseph C. Bellard, Esq. |
| SACKS AND SACKS, LLP | KRAL, CLERKIN, REDMOND, RYAN, |
| 150 Broadway, 4th Floor | PERRY & GIRVAN, LLP |
| New York, NY 10038 | 170 Broadway |
| | New York, NY 10038 |