USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2 6 MAR 2010

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

EVELYN SANCHEZ

                Plaintiffs,

-v-

PATHMARK STORES, INC.,

                Defendants.

ORDER
04 cv 1159 (GBD)(RLE)

GEORGE B. DANIELS, District Judge:

Plaintiff Evelyn Sanchez brought this action in Bronx County Supreme Court against Pathmark Stores, Inc. alleging personal injury resulting from a slip and fall on a liquid detergent/fabric softener spill in one of Pathmark's stores on May 16, 2003. Sanchez subsequently removed the action from Bronx County Supreme Court to this Court on February 12, 2004. Defendant filed a Motion for Summary Judgment[1] contending that no issue of material fact exists and that the time between the spill and the fall was not a reasonable amount of time for Pathmark to remove the hazard. This Court referred the matter to Magistrate Judge Ronald L. Ellis for a Report and Recommendation. Magistrate Judge Ellis issued a Report and Recommendation ("Report") recommending that the Defendant's Motion for Summary Judgment be denied. The Court adopts the Report's recommendation.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to a report, the Court must make a de novo determination of those portions of the report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not

---

[1] Defendant also filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), however, Magistrate Judge Ellis did not address that motion since Defendant's memorandum of law failed to state any basis for a 12(b)(6) motion.

required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a report are made, the Court may adopt the report if there is no clear error on the face of the record. Adee Motor Cars, LLC v. Amato, 388 F. Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted). In his report, Magistrate Judge Ellis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Neither party filed objections.

Plaintiff alleges that Pathmark was negligent because their procedures to alert customers to the spill and the time it took before the moping commenced was inadequate. Pathmark contends that it exercised reasonable care and remedied the situation in five minutes and that, as a matter of law, it cannot be liable. Magistrate Judge Ellis correctly determined that Plaintiff established a prima facie negligence claim and that there is a triable issue of fact regarding Pathmark's liability and the adequacy of its remedial efforts.

Accordingly, the Court adopts the Report's recommendation. Defendant's Motion for Summary Judgment is denied.

Dated:   New York, New York
         March 26, 2010

SO ORDERED:

*George B. Daniels* (signature)

GEORGE B. DANIELS
United States District Judge

2